MEMORANDUM **
Gianni Van, a debtor, appeals from an order of the district court granting the motion for summary judgment filed by the defendant, Grant & Weber, a debt collector. The complaint, which alleged violations of the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. §§ 1692-1692p, arose out of a collection letter Grant & Weber sent to Van, stating: “The Rosen-thal Act, California Civil Code Section 1788.21, also requires that you notify your creditor of your change of name, address, or employment for any existing consumer credit.” Van argues that this statement is misleading because California Civil Code § 1788.21(b) requires such notification only in the event the creditor clearly discloses that requirement in writing in the original agreement. Consequently, Van argues that the allegedly misleading statement violated several provisions of the FDCPA. We affirm.
Grant & Weber’s letter did not misstate California Civil Code § 1788.21. Under California law, with respect to “any consumer credit existing or requested to be extended,” a debtor “shall within a reasonable time notify the creditor ... of any change in [the debtor’s] name, address, or employment,” Cal. Civ.Code § 1788.21(a) (emphasis added), but “only if and after the creditor clearly and conspicuously in writing discloses such responsibility,” Cal. Civ.Code § 1788.21(b). On its face, the requirement to notify creditors of specified changes applies to previously-existing credit, as is the situation in the case at *48 issue. The law contains no requirement that the notification be in the original agreement extending credit, and we decline to interpret the statute to include such language. See Doe v. City of Los Angeles, 42 Cal.4th 531, 67 Cal.Rptr.3d 330, 169 P.3d 559, 567 (2007) (holding courts construing California statutes “may not broaden or narrow the scope of the provision by reading into it language that does not appear in it or reading out of it language that does.”).
Moreover, because the letter did no more than explain the obligations California Civil Code § 1788.21(a) imposed upon Van, without misconstruing the meaning of the section, Grant & Weber did not use any “false, deceptive, or misleading representation[s],” 15 U.S.C. § 1692e, or any “unfair or unconscionable means to collect ... any debt,” 15 U.S.C. § 1692f. Nor did the letter violate 15 U.S.C. § 1692g, prohibiting creditors from communicating with debtors in a way that “overshadows” or is “inconsistent” with a debtor’s right to dispute a debt. 15 U.S.C. § 1692g.
There is likewise no merit to Van’s preemption argument. The FDCPA preempts state laws “with respect to debt collection practices ... only to the extent of [their] inconsistency” with the FDCPA. 15 U.S.C. § 1692n. There is no inconsistency here. Requiring debtors to provide new contact information, while warning debtors that the information will be used for purposes of debt collection, does not conflict with the FDCPA, see 15 U.S.C. § 1692e(ll).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.